OPINION
{¶ 1} Gregory K. Gilreath appeals from an order of the court of common pleas that dismissed his petition seeking a civil protection order.
 {¶ 2} Gilreath's wife, Christina Gilreath, was formerly married to Douglas J. Kinderdine. They had one child, a daughter. Kinderdine is the child's residential parent.
 {¶ 3} Friction developed between Kinderdine and the Gilreaths arising from issues concerning custody and visitation. Gilreath filed a petition pursuant to R.C. 2903.214, seeking a civil protection order. An ex parte order issued. A hearing was subsequently held before a magistrate, who thereafter dismissed the petition. The trial court overruled Gilreath's objections and adopted the magistrate's decision. Gilreath appeals.
ASSIGNMENT OF ERROR
 {¶ 4} "The trial court's decision to grant a directed verdict motion and to dismiss the petition was improper based upon the information contained within this appeal. the clerk and convincing evidence that was presented was enough to defeat any such motion. further, the respondent should be held to account for his actions and behaviors. therefore, the anti-stalking protection order should be granted."
 {¶ 5} R.C. 2003.214(C) authorizes a person to file a petition on behalf of himself or a household member seeking injunctive relief against another person who is alleged to have engaged in a violation of R.C. 2903.211 with respect to the alleged victim.
 {¶ 6} R.C. 2903.211(A), Menacing by Stalking, provides: "No person by engaging in a pattern of conduct shall knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person." A violation of R.C. 2903.211(A) is a first degree misdemeanor. R.C.2903.211(B)(1).
 {¶ 7} "`Physical harm' means any injury, illness, or other physiological impairment, regardless of gravity or duration." R.C. 2901.01(A)93). "`Mental distress' means any mental illness or condition that involves some temporary substantial incapacity or mental illness or condition that would normally require psychiatric treatment." R.C. 2903.211(D)(2).
 {¶ 8} A person is not liable for a criminal violation unless he engages in a prohibited act or omission with the degree of culpability which the particular offense requires, when one is prescribed. R.C. 2901.21(A). Menacing by stalking requires that the offender act "knowingly." "A person acts knowingly regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist. R.C. 2901.22(B).
 {¶ 9} An R.C. 2903.211(A) violation requires an offender, by a pattern of conduct, (1) to knowingly cause the victim to believe that the offender will cause the victim physical harm, or (2) to knowingly cause the victim mental distress. Proof of those consequences is required, but it must also be shown that the perpetrator knowingly caused those consequences to occur.
 {¶ 10} The trial court rejected Petitioner Gilreath's request for a civil protection order against Kinderdine on a finding that Gilreath's evidence failed to show a violation of R.C. 2903.211. The court stated that the evidence showed neither that Kinderdine had engaged in a pattern of conduct that caused Gilreath to believe that Kinderdine would cause him physical harm, nor that either Gilreath or his wife had suffered some temporary, substantial incapacity or mental illness that would normally require psychiatric treatment.
 {¶ 11} The trial court rejected Gilreath's "mental distress" claim on a finding that, Kinderdine's conduct notwithstanding, mental distress as R.C. 2903.211(D)(2) defines it was not shown. We agree. Kinderdine's wife testified that she had been taking the prescription drug Paxil for several years to treat the anxieties that Kinderdine's behavior had caused her. An anxiety is not a "substantial incapacity," and neither would it "normally require psychiatric treatment." Id.
 {¶ 12} With respect to the physical harm claim, Gilreath presented evidence that on several occasions Kinderdine had used foul terms to describe him. Gilreath also testified that on one occasion Kinderdine sent a note to the Gilreaths concerning his daughter's visitation that bore a "smiley face" with a black eye. Further, on one occasion when Gilreath brought the child home, after Kinderdine had walked her to the home, he turned and "came rushing toward" Gilreath's car at a "half gait," but then stopped and went back to his house when he saw Gilreath sitting in the car. (T. 16). Gilreath further testified that Kinderdine is unreasonable and unpredictable (T. 6), and that he threatened Gilreath with legal action.
 {¶ 13} R.C. 2903.211(A) comprehends conduct on the part of an offender that involves a direct threat of physical harm or conduct from which a victim reasonably would believe that a prospect of physical harm exists which is specific and real. None of Kinderdine's actions rise to that level. At most, they are the product of ongoing frictions and hostilities, many of them created by Gilreath himself, which portray anger and frustration, but without the prospect that physical harm will be inflicted on him.
 {¶ 14} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Fain, P.J., Grady, J., and Young, J., concur.